# 24-2519

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

ALEXANDRA KOENIGSBERG, Individually and on behalf of all others similarly situated, MAXWELL KOENIGSBERG, Individually and on behalf of all others similarly situated, OLGA STAMBLER, Individually and on behalf of all others similarly situated,

*Plaintiffs-Appellants,*

—against—

THE BOARD OF TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANT-APPELLEE

MAURA K. MONAGHAN
KRISTIN D. KIEHN
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000

*Attorneys for Defendant-Appellee*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee The Trustees of Columbia University in the City of New York, discloses that it is not a stock corporation and no publicly held company owns any shares of the defendant.

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ....................................................................1

COUNTER-STATEMENT OF ISSUES PRESENTED.................................3

STATEMENT OF THE CASE ......................................................................3

    I.     Statement of Facts................................................................3

    II.    Procedural History ..............................................................5

STANDARD OF REVIEW ...........................................................................6

SUMMARY OF THE ARGUMENT .............................................................9

ARGUMENT.................................................................................................9

    I.     The District Court Did Not Abuse Its Discretion in
           Denying Equitable Tolling for Plaintiffs' GBL Claims ............9

           A.     Plaintiffs Failed to Allege an Affirmative Act of
                  Concealment Separate from Their Underlying
                  Claims..............................................................................10

           B.     A Narrow Exception for "Self-Concealing"
                  Conduct Does Not Apply ................................................15

           C.     Plaintiffs Cannot Establish "Extraordinary"
                  Circumstances on a Theory That It Was Impossible
                  for a Reasonable Applicant to Discover the Claim........17

           D.     The District Court Properly Held That Plaintiffs'
                  One-Year Delay in Filing Suit Barred Equitable
                  Relief..............................................................................20

    II.    Plaintiffs Waived Their Argument About the Unjust
           Enrichment Claim .................................................................22

CONCLUSION............................................................................................24

# TABLE OF AUTHORITIES

**Cases**

*Abbas v. Dixon*,
    480 F.3d 636 (2d Cir. 2007) ........................................................11, 20

*Abercrombie v. Andrew College*,
    438 F. Supp. 2d 243 (S.D.N.Y. 2006) ....................................9, 13, 14

*Alli-Balogun v. United States,*
    281 F.3d 362 (2d Cir. 2002) ...............................................................22

*Allianz Insurance Co. v. Lerner*,
    416 F.3d 109 (2d Cir. 2005) .......................................................13, 23

*Austin v. Fordham University*,
    2022 WL 4626485 (S.D.N.Y. Sept. 30, 2022) ..................................12

*Belot v. Burge*,
    490 F.3d 201 (2d Cir. 2007) ...............................................................21

*Butry v. National Collegiate Student Loan Trust 2005-3*,
    2024 WL 3849332 (S.D.N.Y. Aug. 16, 2024)...................................20

*Corsello v. Verizon N.Y., Inc.*,
    18 N.Y.3d 777 (2012) ........................................................................11

*De Sole v. Knoedler Gallery, LLC*,
    974 F. Supp. 2d 274 (S.D.N.Y. 2013) ...............................................12

*Fisher v. Johnson*,
    174 F.3d 710 (5th Cir. 1999) .............................................................21

*Graham v. HSBC Mortgage Corp.*,
    2020 WL 5663394 (S.D.N.Y. Sept. 23, 2020) ..................................19

*Greene v. United States*,
    13 F.3d 577 (2d Cir. 1994) .................................................................12

*Haeka v. Refco, Inc.*,
    198 F.3d 37 (2d Cir. 1999) .................................................................21

*Ham v. Lenovo (United States) Inc.*,
    2024 WL 1348707 (S.D.N.Y. Mar. 29, 2024)....................................................23

*Harper v. Ercole*,
    648 F.3d 132 (2d Cir. 2011) ................................................................................21

*Hayden v. County of Nassau*,
    180 F.3d 42 (2d Cir. 1999) ....................................................................................8

*In re Commodity Exchange, Inc.*,
    213 F. Supp. 3d 631 (S.D.N.Y. 2016) ....................................................15, 16, 17

*Irwin v. Department of Veteran Affairs*,
    498 U.S. 89 (1990)................................................................................................10

*Jian Yang Lin v. Shanghai City Corp*,
    950 F.3d 46 (2d Cir. 2020) ............................................................................12, 23

*Katz v. Goodyear Tire & Rubber Co.*,
    737 F.2d 238 (2d Cir. 1984) ..................................................................................9

*Koch v. Christie's International PLC*,
    699 F.3d 141 (2d Cir. 2012) ..................................................................................6

*Koenig v. Boulder Brands Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y. 2014) ..................................................................24

*McAnaney v. Astoria Financial Corp.*,
    2008 WL 222524 (E.D.N.Y. Jan. 25, 2008)..........................................................16

*Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*,
    970 F.3d 133 (2d Cir. 2020) ..............................................................................7, 8

*Miller v. Int'l Tel. & Tel. Corp.*,
    755 F.2d 20 (2d Cir. 1985) ..................................................................................18

*Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240 (2d
    Cir. 1991) ..............................................................................................................8

*Olson v. Major League Baseball*,
    29 F.4th 59 (2d Cir. 2022) ....................................................................................6

*Pearl v. City of Long Beach*,
   296 F.3d 76 (2d Cir. 2002) ...............................................................10

*Ross v. Louise Wise Services, Inc.*,
   8 N.Y.3d 478 (2007) .......................................................................11

*Ruotolo v. City of New York*,
   514 F.3d 184 (2d Cir. 2008) ..............................................................7

*Simcuski v. Saeli*,
   44 N.Y.2d 442 (1978) ................................................................20, 21

*Smith v. Colvin*,
   574 F. App'x 55 (2d Cir. 2014) ..........................................................6

*Smith v. Smith*,
   830 F.2d 11 (2d Cir. 1987) ...............................................................13

*State of N.Y. v. Hendrickson Bros.*,
   840 F.2d 1065 (2d Cir. 1988) ...............................................15, 16, 17

*State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*,
   921 F.2d 409 (2d Cir. 1990) ...............................................................8

*Valverde v. Stinson*,
   224 F.3d 129 (2d Cir. 2000) .............................................................21

*Vincent v. Money Store*,
   304 F.R.D. 446 (S.D.N.Y. 2015) ...............................11, 12, 14, 16

*Vincent v. Money Store*,
   915 F. Supp. 2d 553 (S.D.N.Y. 2013) ...............................................9

*Wender v. Gilberg Agency*,
   276 A.D.2d 311 (N.Y. App. Div. 2000) ...........................................11

*Williams v. Citigroup, Inc.*,
   659 F.3d 208 (2d Cir. 2011) ...........................................................7, 8

*Zerilli-Edelglass v. N.Y.C. Transit Authority*,
   333 F.3d 74 (2d Cir. 2003) ...............................................6, 10, 18, 20

*Zervos v. Verizon N.Y., Inc.*,
 252 F.3d 163 (2d Cir. 2001) .................................................................6

*Zumpano v. Quinn*,
 6 N.Y.3d 666 (2006) ..........................................................................14

**Statutes**

N.Y. Gen. Bus. Law § 349 ................................................. *passim*

N.Y. Gen. Bus. Law § 350 ....................................................................1

**Other Authorities**

Federal Rule Civil Procedure 9(b) ...................................................13, 16
Federal Rule Civil Procedure 15(a) ..................................................7, 8
Federal Rule Civil Procedure 59(e) ..................................................5, 7
Federal Rule Civil Procedure 60(b) ..................................................5,7, 8

## **PRELIMINARY STATEMENT**

The District Court properly refused to vacate its final judgment and grant a belated request for leave to file an amended complaint, holding that Plaintiffs' claims are time-barred, no basis for equitable estoppel is available, and amendment therefore would be futile. The District Court acted well within its discretion, and the judgment should be affirmed.

Plaintiffs-Appellants ("Plaintiffs") are two former high school students and their mother, who paid for her children to apply unsuccessfully for undergraduate admission to Columbia University ("Columbia") in 2018. Plaintiffs allege that they applied to Columbia as a "reach" school, defined as a school with a very low acceptance rate. They allegedly chose Columbia as their reach school because it was ranked among the top five colleges by U.S. NEWS & WORLD REPORT ("U.S. News").

Plaintiffs brought claims in 2023 alleging that Columbia was not actually a "top five" school, pointing to a math professor's blog post alleging that Columbia reported inaccurate data on certain survey measures to U.S. News in connection with its 2022 college rankings. Plaintiffs allege that Columbia must have misreported the data in 2018 as well, and should not have been ranked in the top five. Claiming they were "robbed of the ability to apply to a school ranked in the top 5" by U.S. News, Plaintiffs brought claims for deceptive practices under New York General Business

Law ("GBL") §§ 349 and 350 and unjust enrichment, seeking to certify a class of all applicants denied undergraduate admission since 2011.

The District Court dismissed Plaintiffs' complaint on several grounds, including because the GBL claims were time-barred and no basis for equitable tolling was available, and entered final judgment. Despite having never asked for permission to amend their complaint, Plaintiffs filed a motion to vacate or amend the judgment and belatedly sought leave to file an amended complaint. The District Court once again concluded that the GBL claims are untimely and equitable tolling is not available, and denied the motion because amendment would be futile.

Plaintiffs now challenge the District Court's refusal to apply equitable tolling to their admittedly time-barred GBL claims. Contrary to Plaintiffs' suggestion, the District Court's holding on equitable estoppel is reviewed for abuse of discretion. The District Court's conclusion that no exceptional circumstances warrant equitable relief was firmly rooted in applicable law. In a misguided effort to overturn Judge Gardephe's well-supported decision, Plaintiffs not only repeat arguments rejected below, but improperly raise new arguments on appeal. Their efforts are unavailing.

The District Court's denial of vacatur and leave to amend was fairly and extensively considered and well-grounded in existing case law. The common-sense judgment of the District Court should be affirmed.

## COUNTER-STATEMENT OF ISSUES PRESENTED

1. Whether the District Court abused its discretion by declining to apply equitable tolling to Plaintiffs' time-barred GBL claims in the absence of exceptional circumstances.

2. Whether Plaintiffs waived their ability to argue that their unjust enrichment claim is not duplicative of their refashioned GBL claims because they failed to raise the argument to the District Court.

## STATEMENT OF THE CASE

### I.    Statement of Facts

U.S. News publishes an annual ranking of colleges. (JA057 ¶ 12.) U.S. News ranks schools using a proprietary formula based upon 17 data points that it has deemed relevant to the undergraduate experience. (JA057–58 ¶ 13 n.2.) Columbia University is a private Ivy League university located in New York with "a reputation as one of the most prestigious universities in the world." (JA057 ¶ 9.) Between 2011 and 2022, Columbia was ranked within the top five colleges by U.S. News. (JA062 ¶ 34.) In 2018 specifically, Columbia was ranked 5th by U.S. News. (JA062 ¶ 34.)

In February 2022, Columbia mathematics professor Michael Thaddeus posted an essay analyzing U.S. News's 2022 Best Colleges ranking. (JA062 ¶ 36.) Thaddeus opined that data reported by Columbia to U.S. News for a subset of the 17 measures used by U.S. News to generate its 2022 ranking were inaccurate as compared to data Thaddeus gleaned from other sources. (JA062 ¶ 36.) Columbia

later announced that the school had "relied on outdated and/or incorrect methodologies" for two of the metrics highlighted by Thaddeus in connection with the 2022 U.S. News ranking. (JA062 ¶ 37.)

Plaintiffs are Illinois residents who unsuccessfully applied to Columbia's undergraduate program in 2018, together with their mother who paid the application fees. (JA055–56 ¶¶ 1–3.) Plaintiffs allege that guidance counselors advise students to apply to at least one "reach" school, which is a school with "a very low acceptance rate," (JA064 ¶ 43), and that Columbia is a reach school "for all its applicants." (JA058–59 ¶ 18.) Plaintiffs further allege that applicants universally "rely on a university's [U.S. News] rank . . . to select which school each student will apply to." (JA058 ¶ 15.) Plaintiffs chose Columbia because it was a "top 5 'reach' school" based on its U.S. News rank. (JA062 ¶ 35.)

Plaintiffs allege in conclusory fashion that the inconsistencies Thaddeus purported to identify in data reported to U.S. News for the 2022 ranking cycle were present in data reported going back to 2011, and thus Columbia should have been ranked "much lower" in 2018 when they applied. (JA059 ¶ 22; JA071 ¶ 84.) Plaintiffs do not allege that Columbia failed to consider their applications; that Columbia improperly denied admission; or that Plaintiffs would have been admitted to a different "reach" school had they applied there instead. Rather, Plaintiffs thought they were applying to a top five reach school "when in fact, they were not." (JA055.)

In February 2023, Plaintiffs brought claims under the GBL and for unjust enrichment on behalf of a class of all non-admitted undergraduate applicants who, since 2011, paid a fee to apply for admission to Columbia. (JA017–18.)

## II. Procedural History

In granting Columbia's motion to dismiss, the District Court held that Plaintiffs' GBL claims, which have a three-year statute of limitations, were untimely because they were filed almost five years after the date of the alleged injury, and equitable tolling was not available. (JA046.) The District Court also dismissed Plaintiffs' unjust enrichment claim on the ground that it was impermissibly duplicative of the GBL claims. (JA047–49.) In March 2024, the District Court entered final judgment dismissing the complaint. (JA051.)

Almost a month later, Plaintiffs filed a motion to vacate or amend the District Court's final judgment under Federal Rules of Civil Procedure 59(e) and 60(b), and sought leave to file an amended complaint that purported to remedy some of the flaws identified by the District Court in the original complaint. (JA052–53.)

The District Court denied the motion to vacate or amend on the basis that amendment would be futile because equitable tolling still was not available for the untimely GBL claims ("Vacatur Order"). (JA120–36.) The District Court's well-reasoned decision rested on several grounds. *First*, the proposed amended complaint "rel[ied] on Columbia's alleged misrepresentations to U.S. News both as the basis

for their GBL claims and as the basis for their equitable tolling argument," and thus failed to allege an affirmative act of concealment separate from the underlying claims. (JA129.) *Second*, a narrow exception for "self-concealing conduct" implicated by bid-rigging and price-fixing schemes does not apply. (JA131–32.) *Third*, it was not impossible for a reasonably diligent person to discover their claim because the underlying data was publicly available according to Plaintiffs' own complaint. (JA130.) *Fourth*, Plaintiffs unreasonably delayed a year in filing suit after Thaddeus's allegations were made public. (JA135.) As a result, no "exceptional circumstances" supported the rare remedy of equitable tolling. (JA133.)

## STANDARD OF REVIEW

Where, as here, the District Court denied equitable tolling, that decision is reviewed for abuse of discretion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012); *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 81 (2d Cir. 2003). A court abuses it discretion when (*i*) its decision rests on an error of law or a clearly erroneous factual finding; or (*ii*) cannot be found within the range of permissible decisions. *See Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001). The remainder of the District Court's decision is subject to *de novo* review. *See Olson v. Major League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022) (noting that denial of reconsideration based solely on futility grounds is reviewed *de novo*); *Smith v. Colvin*, 574 F. App'x 55, 55 (2d Cir. 2014) (summary order) (explaining

6

that district court's application of the statute of limitations is reviewed *de novo* but its ruling on equitable tolling is reviewed for abuse of discretion).

The bar to filing an amended complaint post-judgment is a high one. "A party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted). Rule 59(e) permits a court to alter or amend a judgment "only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142–43 (2d Cir. 2020) (quotations and citations omitted). Rule 60(b)(6) is a catch-all provision permitting a court to relieve a party from final judgment "when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." *Id*. at 143 (quotations and citation omitted).

Plaintiffs' sole basis for seeking to set aside the District Court's judgment was their wish to file an amended complaint. Although Rule 15(a) suggests that courts should grant leave to amend "when justice so requires," where "a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *Williams v. Citigroup,*

*Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (explaining that post-judgment motions to amend "must be evaluated with due regard to both the value of finality and the policies embodied in Rule 15"). Otherwise, "the liberal amendment policy of Rule 15(a)" could be "employed in a way that is contrary to the philosophy of favoring finality of judgments." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1489, at 694 (1990)); *see also Metzler*, 970 F.3d at 147 (concluding that plaintiffs seeking leave to amend failed to identify extraordinary circumstances justifying relief under Rule 60(b)(6)); *State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) ("When the moving party . . . has waited until after judgment before requesting leave, a court may exercise its discretion [to grant leave to amend] more exactingly.").

Furthermore, "[i]t is well established that leave to amend need not be granted where the proposed amendment would be futile." *Williams*, 659 F.3d at 214 (quotations and citations omitted); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d. Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner that would survive dismissal, opportunity to replead is rightfully denied.").

## SUMMARY OF THE ARGUMENT

This Court should affirm the District Court's well-supported decision refusing to vacate its judgment on the ground that Plaintiffs' GBL claims are time-barred and thus amendment would be futile. The District Court acted well within its discretion in finding no exceptional circumstances justifying equitable tolling on several grounds, each of which independently forecloses equitable relief. Furthermore, Plaintiffs waived their argument that their unjust enrichment claim should have been allowed to proceed because they never raised it to the District Court.

## ARGUMENT

### I.     The District Court Did Not Abuse Its Discretion in Denying Equitable Tolling for Plaintiffs' GBL Claims.

Plaintiffs provide no basis to reverse the District Court's well-reasoned holding that claims brought outside the GBL's three-year statute of limitations were time-barred, and thus the proposed amended complaint would be futile and judgment should remain final. Plaintiffs bear the burden "of proving that a particular statute of limitation has been tolled." *Vincent v. Money Store*, 915 F. Supp. 2d 553, 562 (S.D.N.Y. 2013) (citation omitted); *see also Katz v. Goodyear Tire & Rubber Co.,* 737 F.2d 238, 243 n.4 (2d Cir. 1984). The District Court correctly concluded that Plaintiffs failed to meet their burden of establishing entitlement to equitable tolling. (JA041, citing *Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 265 (S.D.N.Y. 2006) ("[W]ithout adequate pleading, [equitable tolling] is not properly raised and

therefore cannot defeat a motion to dismiss based on statute of limitations grounds.")). Contrary to Plaintiffs' suggestion, Judge Gardephe was not "confused," and the decision should be affirmed. (Appellants' Br. at 20 n.1.)

Equitable tolling is an "extraordinary remedy" extended "only sparingly." *Irwin v. Dep't of Veteran Aff.*, 498 U.S. 89, 96 (1990); *see also Zerilli-Edelglass*, 333 F.3d at 80 (explaining equitable tolling is proper only in "rare and exceptional circumstances"). For equitable tolling to apply, a plaintiff must not only show (*i*) she exercised "all due diligence," *Pearl v. City of Long Beach*, 296 F.3d 76, 82 (2d Cir. 2002) (internal citations omitted), but that (*ii*) she was "prevented in some extraordinary way from exercising her rights." *Zerilli-Edelglass*, 333 F.3d at 80.

The District Court properly concluded that equitable tolling was unavailable for several independent reasons: (*i*) the alleged concealment behind the estoppel claim is the same alleged act underlying the GBL claims; (*ii*) a narrow exception for "self-concealing" acts does not apply; (*iii*) Plaintiffs failed to establish that it was "impossible" for them to discover their claims; and (*iv*) Plaintiffs were on inquiry notice of the alleged wrongdoing by February 2022, a year before they filed suit.

### A. Plaintiffs Failed to Allege an Affirmative Act of Concealment Separate from Their Underlying Claims.

The District Court acted within its discretion by properly denying Plaintiffs' request for equitable tolling because the proposed amended complaint alleged no facts showing that Columbia made a fraudulent misrepresentation subsequent to and

"for the purpose of concealing the [predicate] tort"—here, the allegedly inaccurate reporting to U.S. News. *Ross v. Louise Wise Servs., Inc.*, 8 N.Y.3d 478, 491 (2007). Instead, Plaintiffs' fraudulent concealment allegations impermissibly "rel[ied] on the same act[s] that form[ed] the basis for the[ir] claim[s]." *Id*.

GBL claims have a three-year statute of limitations that begins to run from the date of injury, not the date of discovery. *Corsello v. Verizon N.Y., Inc*., 18 N.Y.3d 777, 789-90 (2012); *see also Wender v. Gilberg Agency*, 276 A.D.2d 311, 312 (N.Y. App. Div. 2000) (finding GBL claims were time-barred because "the three year limitations period . . . applies to causes of action predicated thereon and the date of discovery rule is not applicable and cannot serve to extend the limitations period"). Because Plaintiffs' alleged injury occurred when they applied to Columbia in the fall of 2018, their claims expired in 2021.

Equitable tolling may be invoked "to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (citations and internal quotations omitted). However, "for equitable tolling to apply due to the defendant's misleading conduct, the plaintiff must show that 'the defendant took affirmative steps beyond the allegedly wrongful activity itself to conceal her activity from the plaintiff.'" *Vincent v. Money Store*, 304 F.R.D. 446, 458 (S.D.N.Y. 2015). Any lesser showing would "nullif[y]" the "effect of the statute

of limitations." *Vincent*, 304 F.R.D. at 459; *see also Austin v. Fordham Univ.*, 2022 WL 4626485, at *6 (S.D.N.Y. Sept. 30, 2022) (explaining "equitable estoppel does not apply where the misrepresentation or act of concealment underlying the estoppel claim is the same act which forms the basis of" the underlying claim) (citation omitted); *De Sole v. Knoedler Gallery, LLC*, 974 F. Supp. 2d 274, 319 (S.D.N.Y. 2013) ("For equitable tolling to apply, a plaintiff may not rely on the same act that forms the basis for the claim—the later fraudulent misrepresentation must be for the purpose of concealing the former tort.").

The proposed amended complaint alleged that Columbia misreported data on a particular set of metrics to U.S. News between 2010 and 2021, which allegedly elevated the school's ranking. (JA102–105.) Plaintiffs argue for the first time on appeal that data reported after 2018 (the year in which they unsuccessfully applied for admission) "kept concealing the true nature of the school with every false submission." (Appellants' Br. at 20.) Plaintiffs' theory appears to be that data reported to U.S. News after 2018 was a separate, affirmative act of deception that should support equitable tolling. Plaintiffs cite no legal support for their newly formulated theory.

As an initial matter, it is well-established that "an appellate court will not consider an issue raised for the first time on appeal." *Jian Yang Lin v. Shanghai City Corp*, 950 F.3d 46, 50 n.3 (2d Cir. 2020) (citing *Greene v. United States*, 13 F.3d

577, 589 (2d Cir. 1994)). Plaintiffs explicitly stated in their briefing to the District Court that they "are not alleging that Defendant made affirmative representations to cover up its manipulation of the ranking system." Pls. Br. at 2, *Koenigsberg v. The Bd. of Trustees of Columbia Univ.*, No. 1:23–cv–01044 (S.D.N.Y. May 15, 2024), ECF No. 40 at 2. The argument is therefore waived and should be disregarded. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (declining to exercise discretion to entertain new arguments where party "proffer[ed] no reason for their failure to raise the arguments below, nor do they suggest that there will be any great injustice if we refuse to address them").

Even if properly raised, the argument fails for several reasons. As the District Court noted in its dismissal of Plaintiffs' original complaint, "[t]he doctrine of equitable estoppel usually comes into play when some conduct by a defendant after his initial wrongdoing has prevented the plaintiff from discovering or suing upon the initial wrong." (JA039, citing *Smith v. Smith*, 830 F.2d 11, 13 (2d Cir. 1987).) Plaintiffs do not allege any specific conduct aimed at preventing them from suing. Further, "claims that a defendant's fraudulent concealment bars invocation of a statute of limitations defense must comport with Fed. R. Civ. P. 9(b) in that it must be sufficiently particularized." (JA039, citing *Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 266 (S.D.N.Y. 2006).) The proposed amended complaint does not allege any affirmative act of concealment in compliance with Rule 9(b). Rather, as

the District Court correctly noted, "Columbia's misrepresentations to U.S. News provide the basis for both Plaintiffs' GBL cause of action and their equitable tolling claims." (JA129.) Indeed, Plaintiffs' allegation that Columbia misreported data on certain metrics in each U.S. News reporting period is the identical basis for both the GBL claims and Plaintiffs' request for equitable tolling.

Plaintiffs cannot recast the same allegations underlying their substantive claims as affirmative fraudulent conduct intended to prevent them from discovering their claims. If such a theory was viable, all GBL claims would be subject to equitable tolling and "the effect of the statute of limitations would be nullified." *Vincent*, 304 F.R.D. at 459; *see also Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006) (finding defendant's alleged covert policy and practice to conceal the problem was not affirmative conduct that prevented plaintiff from timely bringing an action, and noting "if the doctrine of equitable estoppel were to be applied as broadly as plaintiffs suggest, the statute of limitations would rarely be available as a defense").

In sum, the District Court did not abuse its discretion in finding that Plaintiffs' allegations of data misreporting were "the same act which forms the basis of Plaintiff's underlying cause of action," and therefore provided no grounds for the extraordinary remedy of equitable tolling. *Abercrombie.*, 438 F. Supp. 2d at 265.

**B.    A Narrow Exception for "Self-Concealing" Conduct Does Not Apply**.

Plaintiffs suggest in the alternative that Columbia's alleged submission of inaccurate data to U.S. News was "self-concealing" in nature, and thus Plaintiffs need not allege affirmative acts of concealment to obtain equitable tolling. The District Court appropriately rejected this "conclusory allegation." (JA131–132.)

Plaintiffs rely exclusively on a line of cases that recognized a so-called "self-concealing" exception in the context of a bid-rigging or price-fixing scheme. *See State of N.Y. v. Hendrickson Bros.*, 840 F.2d 1065, 1083–84 (2d Cir. 1988) (bid-rigging scheme); *In re Commodity Exch., Inc.*, 213 F. Supp. 3d 631, 676 (S.D.N.Y. 2016) (price-fixing scheme). This narrow exception has no application here.

*Hendrickson* dealt with the fraudulent concealment doctrine in an antitrust case involving contractors engaged in competitive bidding for highway construction contracts who submitted forms certifying that bids were not the result of collusion. 840 F.2d at 1071. This Court, reviewing a jury award, concluded that:

> [A] bid-rigging conspiracy is the kind of enterprise that requires a number of participants and, in order that there be adequate incentive for their participation, agreement as to a number of contracts. Thus, the enterprise is designed to endure over a period of time. In order to endure, it must remain concealed from the victim of the collusive bids.

*Id*. at 1084. The Court also found "sufficient evidence of affirmative acts of concealment." *Id*. Taking the evidence together, there was no error in the jury's determination that the plaintiff was entitled to tolling. *See id*. at 1045.

*In re Commodity Exchange, Inc.* is another antitrust case where the defendant banks allegedly colluded to manipulate and suppress the price of gold. 213 F. Supp. 3d at 642. The district court found that the plaintiffs sufficiently alleged a basis for tolling under the fraudulent concealment doctrine, which must be plead with particularity under Rule 9(b), in part because the banks' "alleged manipulation and misrepresentation of the Fix Price was, by its nature, self-concealing." *Id.* at 676.

"Because accomplishing those schemes require affirmative acts of concealment, the plaintiffs in those cases do not need to show additional independent affirmative steps of concealment." *Vincent*, 304 F.R.D. at 459. No such conspiratorial scheme or affirmative acts of concealment are alleged here. Indeed, any allegation of consumer "deception" inherently implies some level of secrecy, otherwise there would be no deception. But characterizing every garden-variety GBL claim as "self-concealing" would swallow the exception. *See, e.g., McAnaney v. Astoria Fin. Corp.*, 2008 WL 222524, at *7 (E.D.N.Y. Jan. 25, 2008) ("[I]f the very nondisclosure or misrepresentation that gave rise to the TILA violation also tolled the statute of limitations, the effect of the statute of limitations would be nullified.") (internal quotation marks and citation omitted).

Further, any suggestion that the act of reporting data to U.S. News is a "self-concealing" conspiracy under the reasoning of *Hendrickson* and *In re Commodity Exchange* is negated by Plaintiffs' allegation that the underlying data was publicly

16

available. (JA077.) Despite conceding that Thaddeus "relied in part on publicly available data," (Appellants' Br. at 23), Plaintiffs claim that the District Court "simply missed the fact that there is no indication in allegations [sic] that any 2018 data was publicly available at any time to Plaintiffs or anyone else." (*Id*. at 29.) However, Thaddeus's analysis was based on perceived disparities between data reported to U.S. News and publicly available information such as Columbia's course catalog, faculty listings, and federal reporting. (JA130.) Such information by its nature would have been equally available and discoverable in 2018.

The District Court did not abuse its discretion in rejecting Plaintiffs' attempt to extend the narrow "self-concealing" exception to the allegations here.

### C. Plaintiffs Cannot Establish "Extraordinary" Circumstances on a Theory That It Was Impossible for a Reasonable Applicant to Discover the Claim.

Plaintiffs next argue that the District Court erred in finding that they failed to exercise reasonable diligence in uncovering their claims. (Appellants' Br. at 24.) To be clear, the District Court held that Plaintiffs failed to establish that they were prevented in some "extraordinary way" from exercising their rights based on their argument that the underlying data was only available to those with insider knowledge or expertise. (JA130–31.) The District Court acted well within its discretion in finding that it was not impossible for a prospective applicant to have discovered their purported injury within the limitations period, given that Plaintiffs

alleged the data was publicly available. As such, no extraordinary circumstances merited equitable relief.

To obtain equitable tolling, Plaintiffs must show that "the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80–81. One such circumstance may occur if it would have been impossible for a reasonably prudent person to learn of the alleged claim. *See, e.g.*, *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985). In dismissing the original complaint, the District Court found that Plaintiffs failed to show it was impossible for them to detect their claims before February 2023, when the complaint was filed. (JA131.) The proposed amended complaint tried to address this gap by alleging that Plaintiffs "were two high school students" (ignoring that their mother is also a plaintiff) who did not have the sophistication to uncover the alleged inaccuracies in Columbia's submissions. (JA68 ¶¶ 64, 67.) At the same time, the pleading describes the steps Thaddeus took to formulate his February 2022 analysis, including consulting *public* sources such as Columbia's course catalog. (*Id.* ¶¶ 67–70.) The District Court was well within its discretion in concluding that it was not impossible for a reasonably prudent person to detect such information, and thus extraordinary circumstances are not present. (JA130–31.)

Plaintiffs argue that the District Court erred in relying on an "absolute concept" of impossibility rather than a "reasonable person" standard.

(Appellants' Br. at 25.) However, Plaintiffs acknowledge that the relevant standard asks whether it would have been impossible for a reasonably prudent person to discover their claim. (*Id*. at 26.) The District Court applied the correct analysis in finding that "the Amended Complaint has not plausibly alleged that it was 'impossible' for a 'reasonably prudent person to learn [of Columbia's misrepresentations]'" because the pleading alleged that Columbia misreported publicly available data. (JA130–31.)

Plaintiffs do not argue that the information was not publicly available, but rather that "specialized knowledge and tools" were required to locate and interpret it. (Appellants' Br. at 28.) This "unsophisticated" consumer argument is unavailing. Merely asserting that one is a "layman" who could not have "discovered or understood" the alleged conduct fails to establish that Plaintiffs were "prevented in some extraordinary way from exercising their rights." *Graham v. HSBC Mort. Corp*., 2020 WL 5663394, at *5 (S.D.N.Y. Sept. 23, 2020) (quotations, alterations, and citation omitted) (collecting cases rejecting claims that plaintiffs were laymen, *pro se*, or ignorant).

Plaintiffs also appear to apply the incorrect standard by arguing that they "need only show they took steps that a reasonable person would undertake." (Appellants' Br. at 25.) This improperly imports the fraud discovery rule into the equitable tolling analysis. The "impossibility" standard relevant to equitable tolling

ensures that equitable relief is granted only in "rare and exceptional circumstances." *Zerilli-Edelglass,* 333 F.3d at 80. The District Court did not abuse its discretion in concluding that no such "rare and exceptional circumstances" exist here.

### D. The District Court Properly Held That Plaintiffs' One-Year Delay in Filing Suit Barred Equitable Relief.

The District Court properly concluded that even if tolling was available up until the time Thaddeus posted his analysis in February 2022, Plaintiffs forfeited their right to equitable relief by delaying for a year before filing suit. (JA135.)

When equitable tolling applies, Plaintiffs must bring their claims "within a reasonable period of time after learning of their right to sue." *Butry v. National Collegiate Student Loan Trust 2005-3*, 2024 WL 3849332 at *10 (S.D.N.Y. Aug. 16, 2024) (internal citations omitted); *see also Abbas*, 480 F.3d at 642; *Simcuski v. Saeli*, 44 N.Y.2d 442, 450 (1978) ("[T]he burden is on the plaintiff to establish that the action was brought within a reasonable time after the facts giving rise to the estoppel have ceased to be operational . . . .").

Plaintiffs did not file suit until February 7, 2023, a year after Thaddeus's post. (JA134–35.) Plaintiffs were thus on notice of their right to sue for a full year "after the facts giving rise to their equitable tolling . . . claim have ceased to be operational." *Abbas*, 480 F.3d at 642. It was well within the District Court's discretion to conclude that Plaintiffs failed to file on "the earliest date" that, "acting with reasonable diligence, [they] should have filed" their claims. *Valverde v.*

*Stinson*, 224 F.3d 129, 134 (2d Cir. 2000); *see also Belot v. Burge*, 490 F.3d 201, 207–08 (2d Cir. 2007) (finding no error where district court made "a discretionary assessment" that the plaintiff "ought to have" filed his petition earlier). Indeed, there is no set period that is inherently "reasonable" for these purposes. *See Valverde*, 224 F.3d at 134 ("[E]quitable tolling does not lend itself to bright line rules") (citing *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999)). Instead, the determination depends on "all the relevant circumstances." *Simcuski*, 44 N.Y.2d at 450. As such, the District Court appropriately exercised its discretion in finding that a year's delay barred equitable relief.

Plaintiffs make no attempt to meet their burden of establishing reasonableness, instead they merely suggest they were entitled to an additional two years, and reference various alternative time periods. (Appellants' Br. at 29–31.) But Plaintiffs' cited authority does nothing to diminish the District Court's sound discretion in finding that a one-year delay was too long to warrant equitable relief, particularly in the absence of extraordinary circumstances. *See Harper v. Ercole*, 648 F.3d 132, 139 (2d Cir. 2011) (finding a "rare[] interven[tion] to toll AEDPA's limitations period" was reasonable where the plaintiff delayed only 65 days after being hospitalized); *Haeka v. Refco, Inc.*, 198 F.3d 37, 43–44 (2d Cir. 1999) (permitting claim where plaintiff filed suit within limitations period and later filed bond 151 days after tolling period lifted, or six days before original limitations

period would have expired); *see also Alli-Balogun v. United States,* 281 F.3d 362, 369 (2d Cir. 2002) (finding no basis for equitable tolling absent evidence party was "induced or tricked by [its] adversary's misconduct into allowing the filing deadline to pass" and where it "failed to exercise due diligence in preserving [its] legal rights" for almost a year and a half).

For all of these reasons, the District Court's rejection of equitable tolling was neither clearly erroneous nor based on any error in law and, to the contrary, was well within the range of permissible decisions. The ruling should be affirmed.

## II. Plaintiffs Waived Their Argument About the Unjust Enrichment Claim.

Plaintiffs' argument about their unjust enrichment claim is improperly raised. The original complaint included an unjust enrichment claim, which the District Court dismissed. (JA049.) Although Plaintiffs' proposed amended complaint included the same unjust enrichment claim, their motion to vacate or amend argued solely that the proposed pleading included certain changes to the GBL allegations that purportedly remedied defects identified by the District Court. (JA052.) As such, the Vacatur Order did not address the substance of the unjust enrichment claim. Plaintiffs' suggestion that the District Court found in its Vacatur Order that "the unjust enrichment claim had 'the same factual allegations underlying their GBL claims and sought the same damages,'" is mistaken. (Appellants' Br. at 32, citing JA124.) Judge Gardephe was merely recapping his prior dismissal order. (JA124.)

The sole argument Plaintiffs raise on appeal is that their proposed amended complaint presented a new theory of damages for the GBL claim, namely the difference between "what a Top 5 school can charge for an application fee and what a lower ranked school can," whereas the unjust enrichment claim sought the return of the $85 application fee. (Appellants' Br. at 33.) Despite not having raised this argument in their motion to vacate or amend, Plaintiffs argue that the District Court "ignored that the Amended Complaint sets plainly sets [sic] out facts that support separate damages theories . . . ." and "should have allowed the Amended Complaint on the basis of a valid unjust enrichment claim." (Appellants' Br. at 32–33.) But again, Plaintiffs never made this argument to the District Court, it is waived, and no grounds exist to excuse this failure. *See Jian Yang Lin*, 950 F.3d at 50 n.3; *Allianz Ins. Co.*, 416 F.3d at 114.

Even if the argument were properly raised, it would fail. Contrary to Plaintiffs' suggestion, the proposed amended complaint alleges *both* damages theories in support of the GBL claims—a so-called price premium and the return of the application fee. (JA072 ¶¶ 94, 104.) Courts routinely dismiss unjust enrichment claims raising similar damages theories as impermissibly duplicative of GBL claims. (JA046–49.) *See also Ham v. Lenovo (United States) Inc*., 2024 WL 1348707, at *8 (S.D.N.Y. Mar. 29, 2024) (dismissing unjust enrichment claim even though plaintiff claimed distinct damages because claim was "predicated upon the very same price

premium and benefit of the bargain theories of injury advanced for his statutory fraud claims"); *Koenig v. Boulder Brands Inc.*, 995 F. Supp. 2d 274, 291 (S.D.N.Y. 2014) ("Plaintiffs claim that they purchased [product] because of Defendants' purported misrepresentations, and Defendants allegedly retained the revenue. . . . [T]he unjust enrichment claim is duplicative.") (internal citations omitted).

## **CONCLUSION**

The judgment of the District Court should be affirmed.

Dated: December 13, 2024

Respectfully submitted,

By: /s/ Maura K. Monaghan
Maura K. Monaghan
Kristin D. Kiehn
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
mkmonaghan@debevoise.com
(212) 909-6000

*Counsel for Defendant-Appellee*

24

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), and the word limit of Local Rule 32.1(a)(4)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,616 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font Times New Roman.


Dated: December 13, 2024

By: <u>/s/ Maura K. Monaghan</u>
       Maura K. Monaghan